ORDERED.

Dated: August 24, 2021

Jerry A. Funk
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No: 3:18-bk-03267-JAF |
| Rodney B. Simmons and, <br> Jaime Lynn Simmons, | Chapter 7 |
| Debtors. <br> _____/ | |
| Creative Enterprises HK, LTD., | Adv. No. 3:20-ap-0081-JAF |
| Plaintiff, | |
| v. | |
| Rodney B. Simmons and, <br> Jaime Lynn Simmons, | |
| Defendants. <br> _____/ | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This Proceeding is before the Court on the complaint filed by Creative Enterprises HK, LTD. (the "Plaintiff") to determine the dischargeability of debt owed by the Debtors under 11 U.S.C. § 523(a)(3)(A). The Court conducted a trial on June 17, 2021 and elected to take the matter under advisement. Upon consideration of the testimony, evidence, and legal arguments, the Court

makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

The Debtors filed a Chapter 7 bankruptcy petition on September 18, 2018. The Debtors did not list the Plaintiff as a creditor in their schedules.

The Notice of Chapter 7 Bankruptcy Case did not initially list a proof of claim deadline because there appeared to be no property available to pay creditors.[1] However, a Notice of Deadline to File Proof of Claim was subsequently issued, and the deadline to file a proof of claim was set as February 14, 2019. (Main Case, Doc. 12).

On December 26, 2018, the Debtors received a discharge. (Main Case, Doc. 16).

On January 15, 2020, the Debtors filed an Amendment to Schedule F (the "Amendment"). (Main Case, Doc. 18). The Amendment lists the Plaintiff as a creditor who holds an unsecured non-priority claim in the amount of $55,000.00. On January 23, 2020, the Plaintiff filed a proof of claim in the amount of $79,654.58. (Proof of Claim 22-1). Additionally, the Plaintiff filed a Motion to Strike the Amendment (the "Motion to Strike"). On June 10, 2020, a hearing was held, at which time the Court abated the Motion to Strike and stated that an adversary proceeding could be filed.[2]

On June 23, 2020, the Plaintiff filed a one count complaint to determine the dischargeability of the debt owed by the Debtors under 11 U.S.C. § 523(a)(3)(A). The complaint states that the debt owed "is not of a kind specified in paragraph (2), (4), or (6) of 11 U.S.C. § 523, because it is not a debt obtained by false pretenses, nor by fraud, defalcation in a fiduciary capacity,

---

[1] The Notice stated, "[p]lease do not file a proof of claim unless you receive a notice to do so." Case No.: 3:18-bk-03267-JAF (the "Main Case"). (Doc. 4).

[2] The Honorable Cynthia C. Jackson held the hearing on the Motion to Strike. The case was subsequently reassigned to the undersigned.

embezzlement or larceny, nor is it a debt owed for willful or malicious injury." (Doc. 1, ¶ 15).

The primary allegation in the complaint is that the Debtors did not list or schedule the debt owed until January 15, 2020, which was almost a year after the deadline to file a timely proof of claim, and therefore the debt is not dischargeable under § 523(a)(3)(A). In response, the Debtors argue that the failure to timely file the Amendment was not in bad faith, and that no prejudice occurred because the Plaintiff's claim will receive a distribution from the estate if assets are recovered.

At the hearing, the Plaintiff's CEO, Pamela Finn (Ms. Finn), testified about the origins of the loan agreement between the Plaintiff and the Debtors, the Debtors' subsequent default on the loan, and the state court litigation which resulted in a judgment against the Debtors in the amount of $79,654.58. (Pl.'s Ex. 3). The Debtors did not testify at the hearing.

## Conclusions of Law

The complaint filed by the Plaintiff pleads one count brought pursuant to 11 U.S.C. § 523(a)(3)(A), which excepts from discharge any debt that a debtor fails to schedule unless the creditor possessed actual knowledge of the case in order to timely file a proof of claim. However, 11 U.S.C. § 726(a)(2)(C) is also relevant to the Court's analysis because it provides that a late filed claim is treated as though it was timely filed if the creditor did not possess actual knowledge of the case in time to file a timely proof of claim, and the claim is filed in time for it to be paid.

Therefore, the issue the Court must determine is whether § 523(a)(3)(A) should be read in conjunction with § 726(a)(2)(C), which would make "claims dischargeable in cases where, even though creditors were not initially scheduled so that a timely proof of claim could have been filed, a claim was nevertheless filed on the creditor's behalf in time for distribution with creditors holding timely filed proofs of claim." In re Snyder, 544 B.R. 905, 909 (Bankr. M.D. Fla. 2016).

In dealing with this issue, courts have either taken the "plain language approach" or the "distribution approach." The court in Snyder summarized the different approaches as follows:

> Cases following the plain language approach point to the language of § 523(a)(3), which does not on its face differentiate between timely filed claims and tardily filed claims that share equally in the distribution of the bankruptcy estate. According to these courts, § 523(a)(3) would make a debt nondischargeable even if the creditor had knowledge in time to file a tardy proof of claim and fully participate in the distribution under § 726(a)(2)(C). Courts following the plain language approach reason that to hold otherwise would render the timely language in § 523(a)(3) meaningless.
>
> By contrast, courts following the distribution approach take a holistic view and hold that in chapter 7 cases, § 523(a)(3) must be read in conjunction with § 726(a)(2)(C). These courts start with the premise that the central purpose of the Bankruptcy Code is to allow the debtor to reorder his or her affairs and enjoy a fresh start. In order to promote this central purpose, exceptions to discharge and § 523(a) must be narrowly construed. While a creditor who has timely knowledge of a bankruptcy has many rights, including the right to question the debtor at the creditors' meeting, § 523(a)(3) is only concerned with the ability to file a proof of claim.

Snyder, 544 B.R. at 910 (internal citations omitted).

In adopting the "distribution approach," the court in Snyder concluded that the "determinative factor on timeliness must be whether the creditor filed a proof of claim in time to share in the distribution." Snyder, 544 B.R. at 910 (citing Kowalski v. Romano, 59 Fed. App'x 709, 714 (6th Cir. 2003)). Specifically, the court reasoned that, "so long as even a tardily filed claim is filed in time to share in the distribution from the estate, then the purpose of § 523(a)(3) in protecting the unscheduled creditor's right to share in the distribution of the bankruptcy estate has been accomplished." Snyder, 544 B.R. at 910.

The Court agrees with the reasoning set forth in Snyder and will adopt the "distribution approach." Therefore, although the Court appreciates the detailed testimony of Ms. Finn and understands the timeline surrounding the events of the loan agreement and the resulting state court litigation, ultimately, the Plaintiff's proof of claim was filed in time to share in the distribution

4

from the estate if assets are recovered. As the timeliness factor is met, the debt is not excepted from discharge under § 523(a)(3)(A).

The Court also notes that the Plaintiff's reliance on <u>Samuel v. Baitcher (In re Baitcher)</u>, 781 F.2d 1529, 1534 (11th Cir. 1986) is misplaced. Notably, the court in <u>Baitcher</u> had to consider grounds pleaded under §§ 523(a)(2), (a)(3), (a)(4), and (a)(6).[3] This proceeding, however, was brought as a one count complaint solely under § 523(a)(3), and §§ 523(a)(2), (a)(4), and (a)(6) are not applicable. It is therefore not appropriate for the Court to consider the Plaintiff's arguments, such as the Debtors' alleged lack of good faith in initially failing to disclose the debt, that go toward those additional grounds.[4]

## Conclusion

For the reasons stated, the Court finds that § 523(a)(3)(A) should be read in conjunction with § 726(a)(2)(C), and that the determining factor in considering timeliness is whether the proof of claim was filed in time to share in the distribution of assets from the estate. If assets are ultimately recovered in this case, the Plaintiff's proof of claim was filed in time to share in distributions from the estate. Accordingly, the debt is not excepted from discharge under § 523(a)(3)(A). The Court will enter a separate judgment in favor of the Debtors.

Clerk's Office to Serve.

---

[3] In <u>Baitcher,</u> the Eleventh Circuit held it was error for the district court to grant summary judgment in favor of the debtor because triable issues of fact existed with respect to §§ 523(a)(2), (a)(4), and (a)(6).

[4] Notably, the complaint specifically states that the debt owed "is not of a kind specified in paragraph (2), (4), or (6) of 11 U.S.C. § 523, because it is not a debt obtained by false pretenses, nor by fraud, defalcation in a fiduciary capacity, embezzlement or larceny, nor is it a debt owed for willful or malicious injury." (Doc. 1, ¶ 15).